```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE         *   MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                      Case Nos.
LIABILITY LITIGATION              *   ALL
```

## O R D E R

The Court has spent considerable time in this MDL deciding summary judgment motions when plaintiff's counsel should have known that no good faith basis existed for pursuing the claim to the summary judgment stage. Some of these cases involved claims that were clearly barred by the applicable statute of limitations. In others, plaintiff's counsel was unable to identify a specific causation expert or point to other evidence to create a genuine factual dispute on causation. And in some cases, counsel threw in the towel and did not even bother to respond to the summary judgment motion. Nevertheless, the Court had to waste judicial resources deciding motions in cases that should have been dismissed by plaintiff's counsel earlier—cases that probably should never have been brought in the first place. Enough is enough.

Counsel of record in any case in this MDL are on notice that in future orders granting summary judgment in which no good faith basis existed for maintaining the action through the

summary judgment stage, the Court intends to include an addendum in the order requiring counsel to show cause why sanctions should not be imposed. Thus it would behoove counsel to take a close look at your cases and decide whether you truly have a good faith basis for proceeding; and if you do not, dismiss the case. The Court certainly understands that the mere granting of summary judgment does not warrant sanctions. But if the deadline for identifying experts has expired and you still have no idea how you are going to prove specific causation, then failing to promptly recognize that your case is no longer viable places you at risk of being sanctioned. Similarly, if you did not file the action until eight years after your client's doctor excised the Obtape and informed your client that it was causing her problems, you may face a serious challenge showing cause as to why sanctions should not be imposed.

*OBITER DICTUM*

Consolidation of cases for pretrial purposes pursuant to the multidistrict litigation statute, 28 U.S.C. § 1407, is hailed by many as the best procedure for the efficient resolution of aggregate tort litigation. Comprising a growing percentage of the federal civil docket, multidistrict consolidations seem to be the norm for cases involving common issues of law and fact. With the small number of remands back to the transferor courts for trial, many of the most significant

civil disputes on the federal docket are being resolved in a distant venue by a hand-picked judge, typically through some type of global settlement.[1]

It has been the undersigned's experience that notwithstanding the many benefits of MDL consolidation, such consolidations are not without unintended consequences.[2] Although one of the purposes of MDL consolidation is to allow for more efficient pretrial management of cases with common issues of law and fact, the evolution of the MDL process toward providing an alternative dispute resolution forum for global settlements has produced incentives for the filing of cases that otherwise would not be filed if they had to stand on their own merit as a stand-alone action.  Some lawyers seem to think that their case will be swept into the MDL where a global settlement will be reached, allowing them to obtain a recovery without the individual merit of their case being scrutinized as closely as it would if it proceeded as a separate individual action.  This

---

[1] *See generally* Elizabeth Chamblee Burch, *Remanding Multidistrict Litigation,* 75 La. L. Rev. 399 (2014).

[2] The MDL presently being managed by the undersigned began with twenty-two cases.  Due to subsequent tag along transfers, it exploded to more than 850 cases, which explosion appears to have been fueled, at least in part, by an onslaught of lawyer television solicitations.  To date, the Court has decided approximately 100 separate summary judgment motions, tried three bellwether trials, and made numerous evidentiary rulings. Forty-two cases have been remanded to the transferor courts or transferred to the district court where venue is proper for trial. 458 cases have been dismissed by stipulation of the parties or order of dismissal following a notice of settlement.  Seventy-four have been dismissed voluntarily by the plaintiffs via notice of voluntary dismissal or a motion to dismiss.

attitude explains why many cases are filed with little regard for the statute of limitations and with so little pre-filing preparation that counsel apparently has no idea whether or how she will prove causation. It also may explain why some lawyers seek to withdraw from representation when a global settlement is not forthcoming, leaving their clients abandoned to proceed pro se in a complex MDL proceeding.[3] This phenomenon produces the perverse result that an MDL, which was established in part to manage cases more efficiently to achieve judicial economy, becomes populated with many non-meritorious cases that must nevertheless be managed by the transferee judge—cases that likely never would have entered the federal court system without the MDL.

The undersigned has not conducted any empirical analysis to support the thesis suggested in this order, partly because the undersigned has been preoccupied with deciding summary judgment motions in marginal cases. But based on fifteen years on the federal bench and a front row seat as an MDL transferee judge on two separate occasions, the undersigned is convinced that MDL consolidation for products liability actions does have the

---

[3] Although some motions for withdrawal may be legitimate, this Court has generally informed counsel that it will suggest remand for any case where withdrawal is requested to let the transferor court decide the motion given that the transferor court will ultimately have to try the case with a pro se party. This approach has sometimes resulted in a reconciliation between client and lawyer mooting the motion to withdraw.

4

unintended consequence of producing more new case filings of marginal merit in federal court, many of which would not have been filed otherwise. The Court hastens to add that the overall benefits of MDL consolidation may nevertheless justify the continued liberal application of § 1407; but if the undersigned's intuition is correct—that a material number of non-meritorious cases are being filed *because* of consolidation—perhaps caution is also warranted. At a minimum, transferee judges should be aware that they may need to consider approaches that weed out non-meritorious cases early, efficiently, and justly. The undersigned has struggled with the best way to accomplish that. Hopefully, the robust use of Rule 11 will help.

IT IS SO ORDERED, this 7th day of September, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA