UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY PARCELL,

    **Plaintiff,**

v.                                    Case No: 8:16-cv-3507-T-27TGW

MENTOR WORLDWIDE LLC,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Mentor Worldwide LLC's Motion for Summary Judgment (Dkt. 41). Plaintiff has responded in opposition. (Dkt. 51). Upon consideration, the motion is **GRANTED**.

### I.    BACKGROUND

Defendant developed the ObTape Transobturator Sling for surgical treatment of female stress urinary incontinence. (Answer, Dkt. 3 at ¶¶ 10, 12). Dr. Ruth Dyal implanted Plaintiff with ObTape in Sarasota, Florida on December 10, 2004. (Plaintiff Fact Sheet, Dkt. 41-1 at p. 2). On June 20, 2006, Plaintiff presented to Dr. G. Willy Davila in Weston, Florida with complaints of urine loss and vaginal discharge. (Office visit record, Dkt. 41-3 at p. 2). Dr. Davila performed an examination and found a palpable erosion of the ObTape. (*Id.* at p. 3). Dr. Davila diagnosed Plaintiff with "mesh erosion, ObTape," and later testified that Plaintiff already knew about the exposed mesh when she presented to him. (*Id.*; Dr. Davila deposition transcript, Dkt. 41-2 at 12:9-17). Dr. Davila recommended surgery to remove the ObTape, (Office visit record, Dkt. 41-3 at p. 3), and performed the surgery on July 5, 2006, (Dr. Davila deposition transcript, Dkt. 41-2 at 19:5-8).

Plaintiff filed a Complaint against Defendant in *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation* in the United States District Court for the Middle District of Georgia on July 1, 2014. (Dkt. 1).[1] Chief Judge Clay D. Land entered an order transferring the case to this Court on December 7, 2016. *See* (Order, Dkt. 31). Plaintiff's Complaint asserts claims for negligence (Count I), strict products liability (Counts II-IV), breach of warranty (Counts V-VI), fraudulent misrepresentation (Count VII), fraudulent concealment (Count VIII), and negligent misrepresentation (Count IX). (*Id.*). Defendant moves for summary judgment in its favor on all claims based on Florida's statute of limitations. (Motion, Dkt. 41).

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.' " *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing that there are no genuine disputes of material fact. *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party demonstrates the

---

[1] Plaintiff filed her Complaint in the Middle District of Georgia pursuant to the direct filing order entered in MDL No. 2004 by Chief Judge Land, which permitted plaintiffs from outside the Middle District of Georgia to directly file complaints against Defendant in the multidistrict litigation proceedings in that district. *See* (Order Regarding Direct Filing, Case No. 4:08-md-2004, Dkt. 446 (M.D. Ga. Dec. 12, 2011)).

absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, and admissions on file to designate facts showing a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

## III. DISCUSSION

Plaintiff was a Florida resident at all times relevant to her claims, and all events giving rise to her claims occurred in Florida. (Complaint, Dkt. 1). The parties agree that Florida law governs her claims under the choice of law rules applicable to the multidistrict litigation. *See* (Motion, Dkt. 41 at pp. 3-4) (citing Order Regarding Direct Filing, Case No. 4:08-md-2004, Dkt. 446 (M.D. Ga. Dec. 12, 2011)); (Response, Dkt. 51 at p. 4). Florida has a four-year statute of limitations for actions founded on negligence, products liability, fraud, and obligations not founded on written instruments. FLA. STAT. § 95.11(3)(a), (e), (j), (k). The statute of limitations for actions based on products liability or fraud begins to run from the time "the facts giving rise to the cause of action were discovered[,] or should have been discovered with the exercise of due diligence." *Id.* at § 95.031(2)(a)-(b). Facts that give rise to a products liability action are deemed discoverable with the exercise of due diligence if a plaintiff knows that she suffered an injury and has enough information to determine there is a possible causal link between her injury and the defendant's product. *University of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991) (holding that knowledge of an injury and of the "possible involvement" of a product is sufficient for accrual of a products liability cause of action).

Under Florida law, therefore, Defendant has shown the absence of any genuine dispute of material fact that Plaintiff's cause of action accrued in 2006. The undisputed material facts show that she knew of the exposed mesh when she presented to Dr. Davila in June 2006 with symptoms of urine loss and vaginal discharge. Dr. Davila diagnosed her with "mesh erosion, ObTape." She

3

underwent surgery in July 2006 to remove the ObTape. She knew of her distinct injury and the possible causal connection between her injury and her exposure to the ObTape by 2006. *See id.* Accordingly, the statute of limitations applicable to all of her claims against Defendant expired by the time she filed her Complaint in 2014. FLA. STAT. § 95.11(3)(a), (e), (j), (k); *see also In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, No. 4:13-cv-31, 2016 WL 873814, at *2 & n.1 (M.D. Ga. Mar. 4, 2016) (Land, C.J.) (applying Florida law in granting summary judgment on statute of limitations grounds in an ObTape product liability action); *Babush v. American Home Prods. Corp.*, 589 So. 2d 1379, 1381 (Fla. Dist. Ct. App. 1991) (noting that the Florida Supreme Court in *Bogorff* established that the statute of limitation period for a products liability action commences with the plaintiff's knowledge of a distinct injury and of some causal connection to "exposure to the product in question").

Plaintiff argues that her cause of action did not accrue until 2011, when she saw a television advertisement about injuries caused by the ObTape and realized that her injuries were not a "one-in-a-million" case. (Response, Dkt. 41 at p. 1). Further, she argues that it was not possible for her to discover her cause of action against Defendant until 2011, because Defendant actively concealed facts showing that its product was defective from her, her physicians, and the medical community at large. (*Id.* at pp. 1, 5-6).[2] Essentially, Plaintiff takes the position that her products liability action did not accrue under Florida law until she "discovered patients were facing systemic problems from

---

[2] Although Plaintiff attached exhibits to her response in opposition to the motion for summary judgment, she did not incorporate any aspects of the exhibits in her argument. And her argument that Defendant concealed facts from her includes no citations to the record evidence to support that assertion. (Dkt. 51).Essentially, the Court is left to speculate about the underlying factual basis for her contention. The Court is not required to "search the record and construct every argument that could have been made based upon the proffered materials." *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 n.5 (11th Cir. 1995) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)).

4

mesh" in 2011. (*Id.* at p. 6).

Plaintiff's evidence relating to her discovery in 2011 of a "systemic" defect with the ObTape does not create a genuine issue of material fact with respect to the statute of limitations. A plaintiff's discovery of a defect in a product is not the event that triggers accrual of a products liability cause of action. *See In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 2016 WL 873814, at *2 ("[The plaintiff] did not point to any Florida authority establishing that a plaintiff who knows of a connection between her injuries and a product must also be aware that her injuries may have been caused by a product defect before the statute of limitations begins to run."). Rather, as noted, the statute of limitations begins to run under Florida law when a plaintiff is able to discover, with the exercise of due diligence, a possible causal link between her distinct injury and her *exposure* to the product. *Bogorff*, 583 So. 2d at 1004; *Babush*, 589 So. 2d at 1381.

As noted, Plaintiff cites no record evidence supporting her contention that Defendant fraudulently concealed defects in its product. She therefore fails to establish grounds to estop Defendant from asserting the statute of limitations bar. *See A.P. ex rel. Ferez v. GlaxoSmithKline, LLC*, No. 13-23246-CIV, 2014 WL 3928522, at *4 (S.D. Fla. Aug. 12, 2014) (rejecting the plaintiffs' fraudulent concealment argument in granting summary judgment to the defendant on statute of limitations grounds where "[p]laintiffs have put forth nothing that would establish a genuine issue of fact to support this fraudulent concealment theory").[3]

---

[3] Plaintiff ostensibly cites *A.P. ex rel. Ferez v. GlaxoSmithKline, LLC* in support of her estoppel argument, but the Magistrate Judge in that case rejected the plaintiffs' estoppel argument because they pointed to no evidence showing fraudulent concealment. *See* 2014 WL 3928522, at *4. The Magistrate Judge ultimately concluded that, without a showing of fraudulent concealment, there was no basis to deny the defendant summary judgment on statute of limitations grounds where the undisputed facts showed that plaintiffs "almost immediately" suspected that an ingested drug caused an injury. *Id.* at *3-4. The only other case Plaintiff cites in support of her estoppel argument did not involve a products liability claim and is not pertinent to her fraudulent concealment argument. *See State ex rel. Watson v. Grey*, 48 So. 2d 84, 88 (Fla. 1990) (holding that a candidate who never raised the constitutionality of election laws while seeking

The undisputed material facts show that Plaintiff's "chief complaint" when she presented to Dr. Davila in 2006 "was that she was having continuous urine loss as well as a vaginal discharge due to exposed mesh." (Dr. Davila deposition transcript, Dkt. 41-2 at 12:9-17). Notwithstanding, she did not file her complaint against Defendant until 2014, eight years later. Accordingly, her claims against Defendant for the injuries caused by the ObTape are barred by Florida's four-year statute of limitations. FLA. STAT. § 95.11(3)(a), (e), (j), (k).

IV. **CONCLUSION**

Based on the foregoing, Defendant's Motion for Summary Judgment (Dkt. 41) is **GRANTED**. The Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendant and **CLOSE** the file.

**DONE AND ORDERED** this 6th day of June, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

nomination in the Democratic primaries was estopped from challenging the constitutionality of the laws after he lost).