UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY PARCELL,

    Plaintiff,

v.   :   CASE No. 8:16-CV-3507-T-27TGW

MENTOR WORLDWIDE LLC,

    Defendant.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Defendant Mentor Worldwide LLC's Motion for Taxation of Costs and Incorporated Memorandum of Law (Doc. 62). The defendant seeks reimbursement for a deposition transcript fee and copying costs, totaling $3,019.15 (Docs. 62-1; 62-2). Although the defendant stated that the plaintiff has not responded to its requests for costs (Doc. 62, p. 3), the plaintiff has not filed a response to the motion.

Pursuant to Rule 54(d)(1), F.R. Civ. P., costs "should be allowed to the prevailing party." However, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse

a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Rather, costs awarded under this rule are limited to the list of items set forth in 28 U.S.C. 1920 and related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In this case, the defendant prevailed on summary judgment (Doc. 60), and judgment was entered accordingly (Doc. 61). Therefore, the defendant is the prevailing party and, as such, it is "entitled to receive costs under Fed. R. Civ.P. 54(d)." United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The defendant submitted the declaration of Dustin B. Rawlin, its counsel in this case, who attested to the recoverable costs incurred in representing the defendant (Doc. 62-2). These costs comprise of a deposition transcript fee and copying costs (id.).

All of these expenses are reimbursable costs. Thus, the cost related to the deposition is authorized by §1920(2), as it was used in the defendant's motion for summary judgment (Doc. 41; Doc. 62-2, pp. 2-3). See United States Equal Employment Opportunity Commission v. W&O, Inc.,

supra, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.")(internal citation and quotation omitted); see also Smith v. Secretary, Florida Dep't of Corrections, 598 Fed. Appx. 738, 739 (11th Cir. 2015)("deposition costs of parties may be awarded if the prevailing party could have reasonably believed that the deposition was necessary"). This cost totals $249.20 (Docs. 62-1; 62-2).

The defendant also seeks reimbursement of $2,769.95 for copying costs that it necessarily incurred in its defense of this case (Doc. 62-2, pp. 3-4). Section 1920(4) permits reimbursement for photocopying "necessarily obtained for use in the case." See United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 623; Smith v. Secretary, Florida Dep't of Corrections, supra, 598 Fed. Appx. at 739 ("Copying costs may be awarded for any copying that the prevailing party could have reasonably believed was necessary.").

The plaintiff, as indicated, has not filed a memorandum in opposition to the motion, and the time for responding to the motion has expired. See Local Rule 3.01(b). The plaintiff also has not sought an

extension of time to oppose the motion. Therefore, pursuant to Local Rule 3.01(b), it is assumed that the plaintiff does not object to the requested relief. See id. ("Each party opposing a motion...shall file within fourteen (14) days after service of the motion...a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages.").

For the foregoing reasons, I recommend that the Defendant Mentor Worldwide LLC's Motion for Taxation of Costs and Incorporated Memorandum of Law (Doc. 62) be granted, and the Clerk be directed to tax defendant's costs against the plaintiff in the amount of $3,019.15.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 21, 2017

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.